NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

**FILED**

AUG 9 2016

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| LISA A. CRAIG, | No.     14-15930 |
| Plaintiff-Appellant, | D.C. No. 2:13-cv-01056-SRB |
| v. | |
| CAROLYN W. COLVIN, Commissioner of Social Security, | MEMORANDUM* |
| Defendant-Appellee. | |

Appeal from the United States District Court
for the District of Arizona
Susan R. Bolton, District Judge, Presiding

Argued and Submitted July 7, 2016
San Francisco, California

Before: SILVERMAN, and NGUYEN, Circuit Judges, and ANELLO,** District Judge.

Lisa A. Craig appeals the district court's ruling in favor of the Commissioner

---

*      This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

**      The Honorable Michael M. Anello, United States District Judge for the Southern District of California, sitting by designation.

of Social Security affirming the denial of Craig's application for supplemental security income and disability insurance benefits. We have jurisdiction pursuant to 28 U.S.C. § 1291. We review a district court's order in a social security case de novo, and will uphold the disability determination of the Administrative Law Judge ("ALJ") unless it contains legal error or is not supported by substantial evidence. *Molina v. Astrue*, 674 F.3d 1104, 1110 (9th Cir. 2012). We affirm.

Craig argues that she is unable to perform her past relevant work as a bank underwriter due to her depressive disorder. Though she experienced symptoms of depression for many years prior to the alleged onset date of her disability, Craig claims that starting in March 2010 her condition worsened to the point where she could no longer work. The ALJ determined that Craig did not have a severe mental disability that impacted her ability to perform work. The ALJ's conclusion was supported by substantial record evidence. 20 C.F.R. §§ 404.1520(a)(4).

The ALJ based his findings on over two years of medical records. Between March 2009 and November 2011, Craig received treatment from healthcare professionals who evaluated her using descriptive measures as well as numerical

"global assessment functioning" (GAF) scores.[1] At the majority of her appointments Craig was assigned a GAF score of 55, which indicates moderate difficulty in social or occupational functioning. *Garrison*, 759 F.3d at 1003 n. 4. In April of 2011, Craig was hospitalized after an episode of suicidal ideation. Upon admission to the hospital Craig appeared to be seriously impaired, but upon her release care providers noted that her mood and functioning were much improved. At subsequent appointments in May, September and November of 2011, treatment providers again rated Craig's GAF at 55 and reported that, while her depression symptoms remained moderate, she was able to carry on her daily activities.

Craig faults the ALJ's reliance on GAF scores. Although GAF scores alone do not measure a patient's ability to function in a work setting, *Garrison*, 759 F.3d at 1003 n. 4, the Social Security Administration (SSA) has endorsed their use as evidence of mental functioning for a disability analysis. SSA Administrative Message 13066 ("AM-13066") (effective July 22, 2013). The ALJ here did not use Craig's GAF scores as an isolated measure of her ability to perform work, but rather as a method of quantifying treatment physicians' qualitative assessments of

---

[1] GAF scores reflect a clinician's "rough estimate of an individual's psychological, social, and occupational functioning used to reflect the individual's need for treatment." *Vargas v. Lambert*, 159 F.3d 1161, 1164 n. 2 (9th Cir.1998).

her overall functioning. The ALJ did not err by relying in part on these scores.

Craig further faults the ALJ for discounting a treating physician's evaluation while giving controlling weight to the evaluation of an examining physician. Where a treating physician's opinion is contradicted, an ALJ must provide specific and legitimate reasons for rejecting the opinion. *Ghanim v. Colvin*, 763 F.3d 1154, 1161 (9th Cir. 2014). Dr. Krabbenhoft, an examining physician, evaluated Craig in November of 2010 and opined that while she was mildly limited in certain social interactions, she had no limitations on her memory, understanding, adaptation, or ability to sustain concentration. In February of 2011, a second assessment was performed by Dr. Dy, a treating psychiatrist who had previously met with Craig in September and October of 2010. Dr. Dy's assessment concluded that Craig had "moderately severe" limitations in the areas of performing complex tasks and responding to customary work pressures, as well as moderate limitations in her abilities to relate to other people and perform in a routine work setting. At Craig's hearing before the ALJ, a vocational expert opined that a person with the limitations described in Dr. Krabbenhoft's report would be able to perform Craig's past relevant work, but a person with the symptoms described by Dr. Dy would not.

The ALJ gave controlling weight to the opinion of Dr. Krabbenhoft because it was "consistent with the claimant's work history and medical record as a whole." The ALJ specifically noted that Craig's "allegedly disabling mental impairment was present at approximately the same level of severity prior to her alleged onset date," and that Craig's GAF scores remained stable at 55 throughout the course of her treatment. Though Craig's hospitalization raises the possibility that her symptoms may have worsened following Dr. Krabbenhoft's evaluation, her consistent post-hospitalization GAF scores of 55 led the ALJ to view this episode as isolated. Therefore, the ALJ's reasons for adopting Dr. Krabbenhoft's assessment were specific, legitimate and supported by substantial evidence.[2] *See Reddick v. Chater*, 157 F.3d 715, 725 (9th Cir. 1998). These justifications were also "clear and convincing" reasons to discount Craig's symptom testimony.[3] *See Molina*, 674 F.3d at 1113.

**AFFIRMED.**

---

[2] Further, the ALJ did not err by considering Dr. Krabbenhoft's finding related to cognitive functioning, since the assessment also took into account Craig's emotional impediments.

[3] We do not address Craig's arguments regarding her credibility because the ALJ did not make an explicit adverse credibility finding as to her mental symptoms.